## Ray v. Jefferson County Gas Company, Appellant.

*Contract—Question for jury—Conflicting evidence—Charge.*

Where in an action for salary against a corporation, the defense is that the work done was for the president of the company personally, and the evidence is conflicting, a verdict and judgment for plaintiff will not be reversed, if there is no error or inadequacy in the charge, and no error is alleged as to the admission or rejection of evidence.

Argued May 21, 1906. Appeal, No. 153, April T., 1906, by defendant, from judgment of C. P. Warren Co., June T., 1905, No. 30, on verdict for plaintiff in case of W. A. Ray v. Jefferson County Gas Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for salary. Before LINDSEY, P. J.

The court charged in part as follows :

Now, gentlemen of the jury, if you find from the evidence that W. A. Ray was actually employed to work for the Jeffer-

son County Gas Company and that he did do the work and he has not received his pay, then we say to you that he is entitled to recover. This defense that is set up here is largely in the declarations of Mr. Ray and Mr. DeGolia, tending to show that such was not the employment. But if you come to the conclusion from the evidence that Mr. Ray was actually employed to do this work, then this defense cannot avail them.

[Among the papers and other things that are offered in evidence in support of this, is an entry which they claim Mr. De-Golia entered on the books of the Jefferson County Gas Company, and it is in the following words and figures : " August 29, Well account "—the figures " 93 " are given there, what they refer to I don't know, but " Well account, $1385.40. To George E. DeGolia, depth of well 2309 feet, at 60 cents per foot, $1385.40." So you see, gentlemen, that what Mr. DeGolia directed the clerk there, the young lady that was called as a witness, to enter was " Well account, $1385.40." A charge to George E. DeGolia of a like amount and giving the depth of the well and the price.] [1]

Now, gentlemen, let me call your attention to what Mr. De-Golia says in relation to the time when he employed Mr. Ray. He stated that Mr. Ray had been working for them and he continued to work right along, but he said he had purchased a string of tools, as I understood him, and to do this work, or over in the section where Mr. Ray was sent afterwards. And he stated that he didn't know but the directors might object to that and prefer that the wells be drilled by contract, and he said that he kept the accounts separate, and that he directed Mr. Ray to keep the accounts separate, and that he kept the accounts separate so if they did object he would do the drilling upon the contract and for the price of sixty cents a foot. Now, he says he directed this entry for the purpose of keeping the account separate, and thus it was entered on the book.

[We say to you, gentlemen, if you find that Mr. Ray was employed according to the evidence, then this defense must fall, it cannot avail the defendant in this case if he was actually employed to do the work. And the question would be a question between DeGolia and the Jefferson County Gas Company.] [3]

[Now other testimony, other papers, are given in evidence

196 RAY *v.* JEFFERSON COUNTY GAS CO., Appellant.

Charge of Court below—Opinion of the Court. [31 Pa. Superior Ct.

here, among them a bill sent by Mr. Ray, which is a bill made out to George E. DeGolia, and " Debtor to W. A. Ray," and goes on then to give the amount of the indebtedness from April 1, 1904, to December 1, 1904, $100 per month, $800. And on it is written " O. K. Pay it and charge my account. George E. DeGolia. 1-12-05."

Now, gentlemen of the jury, Mr. Ray's explanation, as I understand him is, that he made this out and sent it in response to a letter which he had received from some officer of the company saying that they wanted the bills made out to George E. DeGolia, and he made this bill in response to such letter or such direction, and he says that he had presented his bill before that to the Jefferson County Gas Company.

Now it is for you to say whether there is anything inconsistent in this, and these other papers which are given in evidence, with the account or with the explanation which Mr. DeGolia gives. Mr. DeGolia says here " O. K. Pay it and charge it to my account." If Mr. Ray was employed as we have said, if you come to that conclusion, then he is entitled to recover, and these matters are matters between Mr. DeGolia and the corporation, the Jefferson County Gas Company.] ' [4]

Verdict and judgment for plaintiff for $848. Defendant appealed.

*Errors assigned* were (1, 3, 4) portion of charge as above, quoting them.

*D. I. Ball*, for appellant.

*John W. Dunkle*, with him *Wm. S. Clark* and *A. B. Vera*, for appellee.

OPINION BY ORLADY, J., June 30, 1906:

The plaintiff brought this suit to recover the sum of $800, alleged to be due as a salary of $100 per month, from April 1 to December 1, 1904, on an agreement made with the president and manager of the defendant company. The defense was that he was in the personal employment of Geo. D. DeGolia, who was then president and manager of the defendant company. The appellant frankly admits that the question at issue

was the credibility of the plaintiff's witnesses and his claim. It is difficult to reconcile some of the conflicting statements of the witnesses. The solution of these questions was referred to the only tribunal authorized by law to dispose of them, and we accept the result arrived at as a fact settled by the verdict.

The third assignment of error is as follows : " We say to you, if you find that Mr. Ray was employed, according to the evidence, then this defense must fail. It cannot avail the defendant in this case. If he was actually employed to do the work, the question would be a question between DeGolia and the Jefferson County Gas Co." If this were all that the court had stated on the subject, it would necessarily have given the jury a wrong basis for determining the question between the parties. The mere fact of the work being done was not sufficient to entitle the plaintiff to recover. His claim was for careful and diligent work, performed by him for the defendant at the defendant's special instance and request, and it was necessary for him to make good that allegation before he was entitled to a verdict. The jury was directed to examine all the evidence carefully, and while it happens that in several places in the charge it was not made clear that the measure of proof should be as above stated, the concluding suggestion in the charge carefully submitted that thought in a way in which the jury could not misunderstand it.

The court said as follows : " If you find from the evidence that has been given to you by the defendants, that he was not employed for them, that he did not do the work for them, or that he has been paid, and there is no allegation that he has been paid, then he would not be entitled to recover. But we say, whether or not Mr. DeGolia was doing this work by contract, it cannot affect Mr. Ray, provided you come to the conclusion that he was actually employed for the Jefferson County Gas Company." Taking the charge as a whole, we do not feel that there was any reversible error.

The judgment is affirmed.